## Ed. Mucker v. The State.

### No. 6160.  Decided March 9, 1921.

**Assault to Murder—Evidence—Bill of Exceptions.**

Where the bill of exceptions did not show the harmful effect of the testimony admitted, and the record showed that the testimony described in the bill of exceptions was not used against the appellant, and the bill does not overcome the presumption in favor of the correctness of the court's ruling in admitting the testimony objected to, there is no reversible error.

Appeal from the District Court of McLennan. Tried below before the Honorable Richard I. Munroe.

Appeal from a conviction of assault to murder; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Farmer & Farmer,* for appellant.

*R. H. Hamilton*, Assistant Attorney General, for the State.

MORROW, Presiding Judge.—Conviction is for assault with intent to murder. Punishment is fixed at confinement in the penitentiary for five years.

The indictment complies with the law. The evidence is quite sufficient. No complaint of the charge of the Court is found.

The only bill of exceptions appearing is one in which objection was reserved to proof by appellant, on cross-examination, that some time before the difficulty, he was in company with a negro by the name of Theo. Graves and that Graves was under indictment for swindling. The evidence is objected to as immaterial, irrelevant and prejudicial and tends to bring the appellant into disrepute; and the bill recites that Graves was not a party to the difficulty nor connected with it.

The Court having admitted the testimony, as shown by the bill, the burden is upon the appellant to show that the ruling was wrong and harmful. This burden is not discharged by the recital of the bill. The fact that Graves was not present at the difficulty or did not take part therein does not negative the presumption that in the development of the case it did become material to determine whether the appellant, at the time and place mentioned, was in company with the negro of the name and description referred to in the bill. The harmful effect of it is not revealed by the bill. Looking to the statement of facts, which is agreed to, it appears that the testimony described in the bill was not used against the appellant. In the absence of more information concerning the matter, we might infer that the Court, after having admitted the testimony, excluded it. At all events, the bill does not overcome the presumption in favor of the correctness of the Court's ruling in admitting the testimony. (See Branch's Ann. Tex. Penal Code, Sec. 210).

Finding no error, authorizing a reversal, the judgment is affirmed.

*Affirmed.*